# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TONY DAVIS,

        Petitioner,                   Case Number: 2:06-CV-13659

v.                                       HON. GERALD E. ROSEN

BLAINE LAFLER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Tony Davis is currently a state inmate incarcerated at the Newberry Correctional Facility in Newberry, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for carjacking and receiving and concealing stolen property. For the reasons set forth below, the Court denies the petition.

### I. Facts

Petitioner's convictions arise out of a carjacking that occurred in the parking lot of a restaurant in Detroit, Michigan.

Clarence Franklin testified that, on March 27, 2002, at approximately 10:00 p.m., he stopped at the China One Restaurant, along with his fiancee Yvonne Depriest and 12-year-old daughter, Brittany Johnson. Franklin parked his Lincoln Navigator. He and his daughter went into the restaurant to get food and Depriest remained in the vehicle. After waiting for approximately ten minutes, Franklin got his food and left the restaurant. As he was leaving, he saw Petitioner enter the restaurant.

Franklin testified that Brittany sat in the backseat of the vehicle and he got into the

driver's seat. As he closed his door, Marco Washington approached the vehicle and ordered Franklin to the exit the vehicle. Washington pointed a .9-mm weapon at Franklin and again ordered him out of the vehicle. Franklin, Brittany and Depriest exited the vehicle. Washington drove the vehicle to the front of the restaurant. Petitioner exited the restaurant and got into the passenger seat of the Navigator. The Navigator was then driven from the parking lot.

Franklin's vehicle was located approximately two hours later. Franklin later identified Washington as the man with the gun and Petitioner as the person he saw inside the restaurant.

Yvonne Depriest testified that she waited in the Navigator while Franklin and Brittany went into the restaurant. She observed a gray Chevrolet Cavalier enter the parking lot. She saw someone exit the vehicle and enter the restaurant. When Franklin and Brittany returned to the car, Depriest heard someone cock a gun and demand that they exit the vehicle. They all exited the car. She testified that Petitioner then exited the restaurant and got into the passenger side of the vehicle.

Brittany Johnson testified that, as she and her father were waiting for their food, Petitioner entered the restaurant and asked for a glass of water. She identified Washington as the man who forced them out of their vehicle at gunpoint, and identified Petitioner as the man who entered the vehicle before it drove way.

Police Officer Scott Konczal of the Detroit Police Department testified the he and his partner responded to a call that someone had observed men stripping a Navigator on Novara Street in Detroit. Officer Konczal testified that he and his partner approached a garage located behind a vacant home. A man who the officers believed to be a lookout yelled something into the garage and fled. He was later apprehended and identified as Anthony Johnson. Officer

Konczal saw a second person run from the garage. He gave chase and apprehended Marco Washington. Officer Konczal's partner arrested Petitioner inside the garage. The key to the Navigator was found in Washington's pocket.

Petitioner did not testify in his own defense.

## II. Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of carjacking and receiving and concealing stolen property over a value of $20,000. On January 8, 2003, he was sentenced to 13 to 20 years' imprisonment for the carjacking conviction, and 23 months to 10 years' imprisonment for the receiving and concealing stolen property conviction.

Petitioner filed an untimely petition for appointment of appellate counsel in the trial court. On March 7, 2003, the trial court appointed appellate counsel. Petitioner then filed a motion to dismiss in the trial court raising the following grounds: (i) insufficient evidence; (ii) verdicts were against the great weight of the evidence; and (iii) ineffective assistance of counsel for which he sought a Ginther hearing. The trial court denied the motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

   I.   There was insufficient evidence presented at trial to prove this defendant guilty beyond a reasonable doubt as either a principal or an aider and abettor.

   II.  Mr. Davis was denied the effective assistance of counsel at trial through counsel's inadequate preparation and consultation with Mr. Davis, and counsel's decision not to call the actual perpetrator, Marco Washington, whose testimony would have exculpated Mr. Davis; further, the trial court's denial of a new trial and refusal to conduct a Ginther hearing was an abuse of discretion.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Davis, No. 260059 (Mich. Ct. App. June 20, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Davis, No. 129274 (Mich. Nov. 29, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised in state court.

### III. Analysis

### A. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

### B. Sufficiency of the Evidence

In his first claim for habeas corpus relief, Petitioner argues that insufficient evidence was presented at trial to sustain his convictions as either a principal or an aider and abettor.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the

5

standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The trial court was the last state court to issue a reasoned opinion regarding this claim, and that court held, in pertinent part:

> The evidence viewed in a light most favorable to the prosecution is sufficient to find that Defendant aided and abetted in the carjacking. Defendant arrived in the same car with the perpetrator, went into the restaurant and only ordered a cup of water while another man took the car at gunpoint. Defendant immediately got into the stolen vehicle and two and a half hours later was found dismantling it in a garage on the eastside of town. It is a reasonable inference from the undisputed evidence that Defendant preplanned his role in the carjacking thereby satisfying the intent element of aiding and abetting a carjacking. People v. Carines, 460 Mich. 750 (1999). The fact that Defendant deliberately got into the stolen vehicle and not the car in which he arrived indicates more than just mere presence and circumstance.

People v. Davis, No. 02-4943-02, slip op. at 1.

The state court, although not citing Jackson, clearly incorporated the Jackson standard. Petitioner has not presented any evidence to show that the state court's findings of fact were erroneous. Therefore, according the state court's findings of fact a presumption of correctness, this Court concludes that the state court's decision that sufficient evidence was presented to

6

sustain his convictions did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

## C. Alleged Ineffective Assistance of Counsel

Petitioner argues that habeas relief is warranted because his attorney failed to adequately investigate and assert meritorious defenses when he failed to call Marco Washington as a witness.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005), *quoting* Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

The trial court, in denying Petitioner's motion for a new trial, held that Petitioner failed to show that there was a reasonable probability that the result of the trial would have been

7

different if defense counsel had called Marco Washington as a witness. The evidence against Petitioner in this case was strong. And, Washington's affidavit purportedly exonerating Petitioner is not sufficiently persuasive or credible on its face to create a reasonable probability that Washington's testimony might have resulted in a different outcome. This is so particularly because Washington's affidavit was signed after Washington already had been found guilty of and sentenced for the carjacking offense. See Drew v. Scott, 28 F.3d 460, 463 (5th Cir.1994) ("we still have little confidence in [the codefendants] postsentencing truth experience because he had nothing whatsoever to lose by incriminating himself after receiving a 60-year sentence"); United States v. Vergara, 714 F.2d 21, 23 (5th Cir.1983) (holding that the district court may deny the defendant a new trial, without an evidentiary hearing, if it determines that a previously silent accomplices's postconviction willingness to exculpate his codefendant is not credible). Washington had nothing to lose in attempting to exonerate Petitioner. If Marco Washington testified at trial in accordance with his affidavit, he would do nothing to explain Petitioner's presence at the restaurant, Petitioner's abandoning the vehicle in which he arrived at the restaurant, or his presence at the garage where the Navigator was being stripped. Therefore, the Court finds that the trial court's decision that counsel was not ineffective was not contrary to or an unreasonable application of Strickland.

Finally, Petitioner also argues that the trial court abused its discretion in failing to grant a hearing on his ineffective assistance of counsel claim pursuant to People v. Ginther, 390 Mich. 436 (1973). Ginther does not confer an absolute right to an evidentiary hearing in all cases where a defendant alleges ineffective assistance of counsel, and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Therefore, this

8

portion of Petitioner's's second claim is not cognizable on habeas corpus review.

## IV. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. Castro v. United States, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the claims presented do not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

9

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager